## CASEY v. BRELSFORD.

### January 13, 1838.

*Rule to show cause why the fieri facias should not be set aside, &c.*

Where a judgment has been obtained, partly on a debt incurred before defendant's discharge under the insolvent laws, and partly on a debt incurred afterwards, the court will not permit the defendant to enter security for stay of execution for the part incurred after the discharge, and enter a judgment *de bonis* as to the part incurred before it.

[Casey v. Brelsford.]

THE plaintiff had obtained a judgment (December term, 1837, No. 222,) for want of a sufficient affidavit of defence, in which the defendant had averred that a part of the plaintiff's debt had accrued prior to his, the defendant's, discharge under the insolvent laws. The plaintiff issued a *fieri facias,* and the defendant moved for and obtained a rule to show cause why it should not be set aside, and why defendant should not be allowed to enter security for stay of execution, as to that portion of the debt which accrued after his discharge, and why judgment *de bonis* should not be entered as to the other portion.

*Haly*, for plaintiff.
*Griscom*, for defendant.

PER CURIAM.—As to so much of this application as relates to the defendant entering security for stay of execution for a part of the amount of the judgment, we have no authority to interfere, as none is granted by the acts of assembly. (*See Stroud's Purd. tit. Execution.*) As to entering judgment *de bonis* for another part of the amount of the judgment, the court have settled that to be inadmissible.[a]

Rule discharged.

*Rule to show cause why the fieri facias should not be set aside.*

[a] See Dorr v. McClintock, in this volume.